[Civ. No. 12844. Second Appellate District, Division Two.—October 2, 1940.]

H. H. SULLWOLD, Respondent, v. WADE H. MORRIS et al., Appellants.

Hastings & Baker and Eldon V. Soper for Appellants.

Prentiss Moore and John M. Dvorin for Respondent.

McCOMB, J.—This is an original application for a writ of *supersedeas* to restrain respondent from enforcing a judgment of the superior court of Los Angeles county No. 453573 of said court, entitled *H. H. Sullwold, Plaintiff*, v. *Wade H. Morris and Zora Morris, husband and wife, Defendants,* and from enforcing any writ of execution heretofore issued in connection with said case.

The essential facts are:

On August 19, 1940, the superior court of Los Angeles county granted a motion for a summary judgment against petitioners herein; on August 23, 1940, said judgment was entered in the county clerk's office of said superior court; and thereafter a writ of execution on said judgment was issued by said superior court. August 28, 1940, petitioners herein filed a notice of appeal from the aforementioned judgment.

This is the sole question for determination:

▮ *Have petitioners shown this court a valid reason for the issuance of a writ of supersedeas?*

This question must be answered in the affirmative. At the time petitioners presented their motion to this court respondent's attorney in discussing whether or not there was any merit to the position taken by appellants on the appeal in this case said, "I feel from the opinions of this court that it will find particular reasons for reversing this matter. . . . "

In view of the fact that respondent's counsel is of the opinion that this court will reverse the judgment which he has obtained against petitioners, it is clear that a writ of *supersedeas* should issue for the purpose of preserving the *status quo* in the superior court until this court has had the opportunity of passing upon the appeal on its merits.

For the foregoing reasons it is ordered that a writ of *supersedeas* issue in accordance with the prayer of the petition filed herein.

Wood, J., concurred.

Mr. Presiding Justice Moore being disqualified did not participate in this case.